Indira J. Cameron Banks (Cal. Bar No. 248634)
*indira@cameronjones.law*
Terrence M. Jones (Cal. Bar No. 256603)
*terrence@cameronjones.law*
**CAMERON JONES LLP**
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
(424) 757-0585

*Attorneys For Plaintiff*,
J.G., Individually and on Behalf of
Jane Doe

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., Individually and on Behalf of JANE DOE, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>RUSTIC PATHWAYS, LLC, a corporation; SABOT FAMILY COMPANIES, a corporation; JOHN ROE, an individual; B.A., an individual; C.A., an individual; and DOES 1-10,<br><br>Defendant(s). | Case No.: 5:22-cv-05666-EJD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED USING INITIALS "J.G." AND PSEUDONYM "JANE DOE" FOR HER MINOR DAUGHTER**<br><br>DATE:  March 16, 2023<br>TIME:   9:00 a.m.<br>CRTM: 5, Fifth Fl. (San Jose Courthouse)<br><br>Hon. Edward J. Davila |

- 1 -

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** on March 16, 2023, or as soon thereafter as the matter may be heard, Plaintiff J.G., Individually and on Behalf of Jane Doe, will, and hereby does, move this Court an Order allowing her to proceed in this litigation using the initials "J.G." and the pseudonym "Jane Doe" to refer to her minor daughter, a victim of sexual assault, in order to protect her against further harassment and retaliation stemming from the factual circumstances at the heart of this matter.

This motion will be made before the Honorable Edward J. Davila, United States District Judge, in Courtroom 5 on the Fifth Floor at the United States Courthouse located at Robert F. Peckham Federal Building and U.S. Court 280 S 1st St San Jose, CA 95113.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.

DATED: November 30, 2022                                CAMERON JONES LLP

                                                                            */s/ Indira J. Cameron-Banks*
                                                                            Indira J. Cameron-Banks
                                                                            Terrence M. Jones

                                                                  *Attorneys For* PLAINTIFF  J.G.,
                                                                  Individually and on Behalf of
                                                                  Jane Doe

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff J.G., both individually and on behalf of her minor daughter Jane Doe[1], hereby seeks permission from this Court to proceed in this matter using her initials "J.G." to identify herself, and the pseudonym of "Jane Doe" to identify her minor daughter. Plaintiff seeks to proceed in this way in order to protect her minor daughter, a victim of sexual assault, against further harassment and retaliation stemming from the factual circumstances at the heart of this matter. Proceeding in this manner would promote the public's interest in creating safe environments for minor sexual assault victims to report the conduct against them and pursue legal remedies, and in this instance would not prejudice Defendants, who already know the identity of both J.G. and her minor daughter, Jane Doe.

## II. RELEVANT BACKGROUND

As set forth in the Complaint, Jane Doe was a young teenage girl who travelled as a student on Defendant Rustic Pathways LLC's "Marine Life and Coastal Restoration" trip to the Dominican Republic in the summer of 2021. (Compl. ¶¶ 2, 25) Under the negligent care and supervision of the program's staff, Jane Doe was subjected to sexual assault, battery, by another student participant, John Roe[2] and subsequent harassment and victim shaming by other students as a result. (Compl. ¶¶

---

[1]   J.G. is acting as her minor daughter's representative pursuant to Fed. R. Civ. P. 17(c).

[2]   To date, Defendants Rustic Pathways, LLC and Sabot Family Companies have refused to participate in a Rule 26(f) conference, discovery and have refused to provide Plaintiff with confirmation of the true identity of John Roe, who based on information and belief, is no longer a minor. Given the sensitive nature of the claims against him, Plaintiff has chosen to identify Defendant John Roe and his Parents by pseudonyms and initials until his identity and age is confirmed.

As such, Plaintiff will amend the complaint after obtaining discovery from Defendants Rustic Pathways, LLC and Sabot Family Companies. *See e.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (finding the district court abused its discretion in dismissing the case with

25-54) Over the course of several days, John Roe repeatedly and publicly groped Jane Doe's breasts, groin, buttocks and inner thighs, shoved his head into her groin while she was wearing a swimming suit, and attempted to remove the top of her swimming suit. (Compl. ¶¶ 25-37) Jane Doe witnessed John Roe direct similarly offensive conduct towards other young girls on the student trip. (Compl. ¶ 38) These sexual assaults and batteries occurred in plain view of Rustic Pathways, LLC's staff. (Compl. ¶¶ 26, 38) Jane Doe begged them to stop John Roe, but instead they told her they would not believe her or attempt to address the offensive conduct unless she publicly "outed" herself to the other students, and gathered witnesses to support her complaints. (Compl. ¶¶ 39-44) The victim-shaming by Rustic Pathways, LLC's staff prompted the students to begin harassing and bullying Jane Doe, calling her vicious names and taunting her to "kill herself." (Compl. ¶¶ 46-54) Another male student pulled down his shorts to expose his pubic hair to her, and later stated that she invited the display. (Compl. ¶ 47) The harassment continued even during the air travel returning home. (Compl. ¶ 49)

### III. J.G. AND JANE DOE SHOULD BE ALLOWED TO PROCEED ANONYMOUSLY TO PROTECT JANE DOE FROM THE FURTHER EMBARRASSMENT AND HARASSMENT SHE WOULD LIKELY ENDURE IF IDENTIFIED BY HER TRUE NAME

Although party names are usually required in any pleading (Fed. R. Civ. P. 10(a)), the Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is

---

respect to the John Doe defendants without requiring the named defendants to answer interrogatories seeking the names and addresses of the supervisors in charge of the relevant facilities during the relevant time period); *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (permitting a suit naming fictitious parties as defendants to go forward because the allegations in the complaint were "specific enough to permit the identity of the party to be ascertained after reasonable discovery"). A district court has *sua sponte* issued an order directing revelation of facts necessary to determine the true name of a John Doe defendant. See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 n.2, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971) (noting that the trial court had ordered the United States attorney to identify "those federal agents who it is indicated by the records of the United States Attorney participated in the . . . arrest of the [petitioner]") (quoting the district court's order).

- 3 -
PLAINTIFF'S MOTION TO PROCEED USING INITIALS "J.G." AND PSEUDONYM "JANE DOE" FOR HER MINOR DAUGHTER

necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1068 (9th Cir. 2000).

      Jane Doe is still a minor who has already suffered a great deal of harassment and retaliation for speaking up and seeking help to stop the repeated assault and battery she endured.  As such she, desires to proceed with this litigation under a pseudonym.  J.G. similarly wishes to proceed under her initials, J.G., because if her full true name is used, it would expose her minor daughter's identity.   As such, J.G., would like to proceed anonymously and to have her daughter referred to by the pseudonym of Jane Doe.

      Parties have been allowed to proceed under fictitious names where the subject matter of the dispute is highly sensitive and personal, such that public disclosure would inflict an irreparable injury. Courts in this judicial district have allowed victims of sexual assault to proceed under fictitious names. *Doe v. Penzato*, No. CV10–5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. 2011). In the Ninth Circuit, it is a tradition to provide victims of sexual assault anonymity. *Jordan v. Gardner*, 986 F.2d 1521, n.4 (9th Cir. 1990).

      Courts have allowed the use of fictitious names in circumstances such as those in the instant action. A United States district court found that the requesting plaintiffs warranted "anonymity on the ground that their allegations of harm also concern sexual assault." *Al Otro Lado, Inc. v. Nielsen* No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017). The district court noted that where sexual assault is concerned, substantiation of future harm is not required because of the highly personal and sensitive nature of the allegations. *Ibid.*; *see also Penzato*, 2011 WL 1833007 at *3 (finding sexual assault and its traumatic aftermath sufficient to justify anonymity). Accordingly, Jane Doe should not be forced to expose herself to public scrutiny to vindicate her rights.

Although fear of future harm is not required in these circumstances, a fictitious name will also protect Jane Doe from further harassment, trauma, and discrimination as she progresses in high school, enters college, and seeks employment in the future. *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *4. In *Advanced Textile Corp.*, where the plaintiffs requested to use fictitious names out of a fear of future retaliation from their employer, the court identified three relevant factors in determining whether the use of pseudonyms were appropriate: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068.

Here, Plaintiff seeks to protect Jane Doe's identity and thus requests anonymity to prevent her from enduring further trauma, and to eliminate the possibility that future classmates, educational institutions, and even employers might harass, humiliate, or even discriminate against her. Moreover, Jane Doe is a minor. Each of these concerns is concrete and legitimate. Considering how accessible public information is on the internet, Jane Doe's privacy should be addressed by the use of fictitious names. "The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web." *Starbucks Corp. v. Sup. Ct.* 168 Cal.App.4th 1436, 1452 n.7 (2008). Accordingly, J.G. should be allowed to assert her minor daughter's right and ability to be free from harassment, discrimination, and retaliation without suffering more emotional trauma than she has already endured as a direct result of being publicly "outed" (*e.g.* being called "bitch" and "cunt"; repeatedly taunted to "kill herself" or "fuck off"; and being subject to further assault by other students)

### IV.  JANE DOE'S PRIVACY INTEREST OUTWEIGHS THE PUBLIC'S INTEREST IN HAVING HER TRUE NAME IDENTIFIED AND/OR ANY POTENTIAL PREJUDICE TO DEFENDANTS

The use of the pseudonyms in this case will neither prejudice Defendants nor the public's interest in full disclosure of Jane Doe's true identity. Federal courts have adopted a balancing test

between the need for anonymity and the public interest in open proceedings. As the Ninth Circuit Court of Appeals has explained, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

Here, there is no prejudice to Defendants, who already know J.G. and Jane Doe's true full names. In addition, the use of a fictitious names in this case is in the public's interest of encouraging victims of sexual assault to bring their claims against their assailants and pursue legal remedies. *Id*. at 1073; *Penzato*, 2011 WL 1833007, at *5 ("(T)he public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity."); *Doe No. 2 v. Kolko* 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("(T)he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

On balance, the Court should allow Plaintiff and Jane Doe to proceed using initials and/or pseudonym in order to protect Jane Doe, a minor, from any further harassment and retaliation for speaking up about what happened to her.

///

///

///

## V. CONCLUSION

As set forth herein, allowing the minor Jane Doe to proceed under a pseudonym, and her mother to proceed using her initials "J.G." will adequately protect the privacy interests of Jane Doe, by preventing further harassment, retaliation, and reputational harm, without impairing or prejudicing the Defendants' rights or abilities to defend themselves in this litigation, or those of the public. Accordingly, Plaintiff respectfully requests that the Court grant her permission to proceed in this litigation under her initials "J.G." and for her minor daughter to be identified by the pseudonym Jane Doe in order to prevent her true full name from being publicly disclosed.

DATED: November 30, 2022                                  CAMERON JONES LLP

                                                          /s/ Indira J. Cameron-Banks
                                                          Indira J. Cameron-Banks
                                                          Terrence M. Jones

                                                          *Attorneys For* PLAINTIFF   J.G.,
                                                          Individually and on Behalf of
                                                          Jane Doe