UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. G., individually and on behalf of JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RUSTIC PATHWAYS, LLC, et al.,<br><br>Defendants. | Case No. 22-cv-05666-EJD<br><br>**ORDER REQUESTING PARTIES TO CLARIFY ARGUMENTS RELATED TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE; STAYING ALL DEADLINES PENDING DECISION ON MOTION**<br><br>Re: ECF No. 60 |

Currently pending before the Court is Defendants Rustic Pathways, LLC ("Rustic") and Sabot Family Companies' (together, "Defendants") motion to dismiss Plaintiff J.G.'s ("Plaintiff") First Amended Complaint for improper venue and failure to state a claim, or in the alternative to transfer venue to the Northern District of Ohio based on a forum selection clause. *See* Mot., ECF No. 60. Having evaluated the parties' written submissions, the Court requests that the parties clarify certain arguments related to venue, as described below.

The parties agree that Plaintiff signed an agreement with Rustic providing that any legal action related to the events underlying this action "must be filed in state court in Lake County, Ohio," and that the Lake County, Ohio state court would be the "sole jurisdiction and venue for any legal proceeding." *See* Mot. 3–4 (citations omitted); *see generally* Opp'n 5–10, ECF No. 64. Defendants argue that this forum selection clause requires either dismissal under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or transfer to the Northern District of Ohio under 28 U.S.C. § 1404(a). *See* Mot. 4–10. In their reply brief, Defendants argue that the Court

Case No.: 22-cv-05666-EJD
ORDER REQUESTING SUPPL. BRIEFING RE VENUE

1

should enforce the forum selection clause and transfer this action to the Lake County, Ohio state court pursuant to 28 U.S.C. § 104(a). *See* Reply 5–6, ECF No. 66. Plaintiff argues that a forum selection clause does not provide a basis to dismiss under Federal Rule of Civil Procedure 12(b)(3), and that a transfer of venue under 28 U.S.C. § 1404(a) is not appropriate because the forum selection clause is invalid. *See* Opp'n 5–10.

The parties' arguments do not match the relevant legal framework. First—as Plaintiff notes and Defendants appear to concede, *see* Opp'n 5–6; Reply 5–6—a forum selection clause does not render the current venue "wrong" or "improper" such that dismissal under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a) is appropriate. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

Second, and more confoundingly, the forum selection clause here provides for a forum in Ohio state court, but Defendants seek a transfer to the Northern District of Ohio (which the Court understands encompasses Lake County). Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court has stated that forum selection clauses pointing to another *federal* forum are to be analyzed under this statute. *See Atl. Marine*, 571 U.S. at 54, 59, 62. However, § 1404(a) does not apply to forum selection clauses pointing to a state or foreign forum; in such a circumstance, the *forum non conveniens* doctrine applies. *See Atl. Marine*, 571 U.S. at 60–61. The *forum non conveniens* doctrine is a mechanism for dismissal, not transfer, so that the action may be refiled in the proper forum. *See id.* at 60.

To sum up the foregoing:

- A forum selection clause is not a basis for dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a).
- The mechanism for transfer to another district court is provided by 28 U.S.C. § 1404(a), and a forum selection clause pointing to another federal forum is analyzed within this framework.

Case No.: 22-cv-05666-EJD
ORDER REQUESTING SUPPL. BRIEFING RE VENUE
2

- A forum selection clause pointing to a state forum is analyzed under the *forum non conveniens* doctrine, and if enforced results in dismissal rather than transfer.

Here, based on the forum selection clause pointing to Ohio state court, Defendants requested dismissal under Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a), or transfer pursuant to 28 U.S.C. § 1404(a).  Plaintiff correctly noted that the former argument is impermissible under *Atlantic Marine*, but then engaged with the § 1404(a) analysis and included certain arguments—such as the difficulty of litigating in multiple venues—that now have little to no relevance following the settlement with the individual defendants.  However, the Court may not enforce the forum selection clause by transferring—the *forum non conveniens* doctrine does not provide for transfer, and the forum selection clause does not point to a federal forum—and does not have before it arguments related to dismissal for *forum non conveniens*.  Nonetheless, the Court is aware that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (alterations and citation omitted).

Based on the foregoing, the Court hereby ORDERS that Defendants and Plaintiff each file a supplemental brief by April 22, 2024, related to the application of the *forum non conveniens* doctrine to this action given the forum selection clause, and to the propriety of transfer to the Northern District of Ohio under 28 U.S.C. § 1404(a) for any reason other than the forum selection clause.  The briefs are not to exceed five pages and shall be formatted in accordance with the Court's standing orders, including with respect to the spacing of footnotes.

The Court additionally STAYS all other pending deadlines in this action pending its resolution of Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 15, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-05666-EJD
ORDER REQUESTING SUPPL. BRIEFING RE VENUE
3