UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. G., individually and on behalf of JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RUSTIC PATHWAYS, LLC, et al.,<br><br>Defendants. | Case No.   22-cv-05666-EJD<br><br>**ORDER GRANTING DEFENDANTS RUSTIC PATHWAYS, LLC AND SABOT FAMILY COMPANIES' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 60 |

Plaintiff J.G. ("Plaintiff") filed this action on September 30, 2022, alleging that her daughter ("Jane Doe") attended a student travel program hosted by Defendant Rustic Pathways, LLC ("Rustic") in July 2021, and that a fellow program member repeatedly groped and sexually assaulted Ms. Doe during the program. *See* Compl., ECF No 3.  On March 21, 2023, Plaintiff filed the operative First Amended Complaint ("FAC") against Rustic, its parent company Sabot Family Companies ("Sabot" and, with Rustic, "Defendants"), and three individual defendants who have since been dismissed from this action.  *See* FAC, ECF No. 39; *see also* Not. Vol. Dismissal, ECF No. 74.  Now pending before the Court is Defendants' motion to dismiss the FAC (the "Motion") for improper venue and failure to state a claim, or in the alternative to transfer venue to the Northern District of Ohio based on a forum selection clause.  *See* Mot., ECF No. 60.  The Court finds the Motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and GRANTS the Motion for the reasons below.

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
1

## I. BACKGROUND

### A. Factual Allegations

Unless otherwise noted, the following allegations are taken from the FAC.

#### 1. Parties

Plaintiff brings this action on behalf of herself and her daughter, Ms. Doe, who was a minor at the time of the alleged incidents and when Plaintiff instituted the action. *See* FAC ¶ 14. Plaintiff and Ms. Doe are Pennsylvania residents. *Id.* ¶¶ 12, 14.

Rustic is a student travel company founded in 1983 that claims to have been operating student travel programs for more than three decades. *See id.* ¶¶ 15, 21. It is incorporated in Delaware and headquartered in Mentor, Ohio. *Id.* ¶ 12. Sabot is a holding company that owns and operates a family of businesses, including Rustic. *See id.* ¶ 16. Sabot is incorporated in Delaware and headquartered in Stanford, California. *Id.* ¶ 12.

#### 2. Underlying Events

In July 2021, Ms. Doe, then 16 years old, participated in an overseas "Marine Life and Coastal Restoration" trip operated by Rustic. *See* FAC ¶¶ 2, 7. Prior to the trip, Plaintiff and Ms. Doe signed an "onboarding packet" constituting the agreements between them and Rustic related to the trip. *See* Mot. 3; *see also* Decl. of Shayne Fitz-Coy in Supp. of Mot. ("Fitz-Coy Decl.") ¶ 6, ECF No. 60-1; *id.* at Exh. A ("Onboarding Packet"), ECF No. 60-2.[1] Multiple documents in the Onboarding Packet, including one document titled "Participation Agreement," ECF No. 60-2, at 2–4, and another titled "Student Travel Enrollment Terms and Conditions," *id.* at 5–7, state that any legal action must be filed in state court in Lake County, Ohio, and that Ohio state court will be the "sole jurisdiction and venue for any legal proceeding relating to or arising out of" the program. Onboarding Packet 4, 7.[2]

---

[1] Plaintiff objects to the consideration of the Onboarding Packet in connection with Defendants' Rule 12(b)(6) arguments. *See* Opp'n 3. Defendants filed a request for judicial notice of the Onboarding Packet concurrently with their Reply. *See* Req. Jud. Not., ECF No. 66-1. Because the Court does not reach Defendants' Rule 12(b)(6) arguments, DENIES AS MOOT the request.

[2] For simplicity, this order will cite only to the clause within the Participation Agreement.

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
2

While Ms. Doe was on the trip, an older male participant on the trip repeatedly groped and assaulted her. *See* FAC ¶¶ 6, 25–38. Although Ms. Doe reported her experiences to Defendants' management and staff, the management and staff members failed to take any reasonable measure to protect Ms. Doe from harassment and bullying. *See id.* ¶¶ 39–54. Ms. Doe spent the entire trip "in a heightened and constant state of fear for her physical safety as a result of not only [the male participant's] repeated assaultive conduct, but also the subsequent bullying and threats of harm by other students that she faced as a result of the victim-shaming culture engendered" by Rustic. *Id.* ¶ 52. Rustic did not notify Plaintiff or any parents about the inappropriate conduct, and ignored multiple of Plaintiff's requests for information during and after the trip. *See id.* ¶¶ 56–59. Plaintiff and Ms. Doe eventually identified the individual they believed had assaulted Ms. Doe, and Rustic provided information to confirm the individual's identify during the course of this litigation. *See* FAC ¶ 59.

### B.     Procedural History

Plaintiff instituted this action in this District in September 2022, asserting claims against Defendants and unknown individuals, including the older male participant who allegedly assaulted Ms. Doe and his parents. *See* Compl. Defendants moved to dismiss the Complaint in November 2022, and the hearing was set for April 2023. *See* ECF No. 23. On March 20, 2023, the Court granted Plaintiff's unopposed administrative motion to amend the complaint with the true names of three individual defendants, *i.e.*, the other participant and his parents. *See* ECF No. 38. Plaintiff filed the FAC on March 21, 2023. *See* FAC. The Court heard oral argument on Defendants' motion to dismiss the Complaint in April 2023, and the parties repeatedly stipulated to continue the scheduled case management conference and to extend time for the individual defendants to respond to the Complaint. *See* ECF Nos. 46, 50, 51, 53. The Court then issued an order to show cause why Defendants' motion to dismiss the original complaint should not be terminated without prejudice and, after reviewing Defendants' response, so terminated the motion. *See* ECF Nos. 56–58. Defendants and the individual defendants subsequently filed separate

1  motions to dismiss the FAC.  *See* Mot.; *see also* ECF No. 61.[3]  Plaintiff filed an opposition to the

2  Motion, *see* Opp'n, ECF No. 64, and Defendants filed a reply, *see* Reply, ECF No. 66.  The Court

3  took the Motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).

4  Pursuant to the Court's request, the parties each subsequently filed a supplemental brief clarifying

5  their arguments as to venue given the forum selection clause in favor of Ohio state court.  *See*

6  Defs.' Suppl. Br. ("Suppl. Reply"), ECF No. 77; Pls.' Suppl. Br. ("Suppl. Opp'n"), ECF No. 78.

## II.  LEGAL STANDARDS

### A.  Venue

#### 1.  Dismissal Under *Forum Non Conveniens* Doctrine

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," which carries a remedy of "outright dismissal."  *Atl. Marine Constr. Co., Inc. v. U.S. D. for W.D. of Tex.*, 571 U.S. 49, 60 (2013).  The threshold step of the analysis is to determine the validity of the forum selection clause.  *See id.* at 62 n.5 ("Our analysis presupposes a contractually valid forum-selection clause.").  Under federal law, "[f]orum selection clauses are *prima facie* valid."  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)); *see also In re Becker*, 993 F.3d 731, 732 (9th Cir. 2021) ("Forum selection clauses are valid except in the rarest cases.") (citation omitted).[4]  A party challenging the validity of a forum selection clause "bears a 'heavy burden of proof'" and "must 'clearly show that . . . the clause was invalid for such reasons as fraud or over-reaching.'"  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen*, 407 U.S. at 15).

---

[3] The individual defendants' motion to dismiss the FAC was terminated as moot upon Plaintiff's notice of voluntarily dismissal of these defendants.  *See* Not. Voluntary Dismissal.

[4] Although the Participation Agreement states that it is exclusively governed by "Ohio substantive law (without regard to its 'conflict of laws' rules)," Participation Agr. 3, the "federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in [*M/S*] *Bremen* controls enforcement of forum clauses in diversity cases." *Manetti-Farrow*, 858 F.2d at 513 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
4

"When a valid forum-selection clause is at issue, the conventional *forum non conveniens* analysis"—which normally requires balancing public and private interests—"is modified in three ways." *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661, 662–63 (9th Cir. 2016) (citing *Atl. Marine*, 571 U.S. at 62–66 & 66 n.8). Namely, (1) the plaintiff bears the burden of showing why the forum selection clause should be disregarded; (2) the court considers only public interest factors weighting against dismissal; and (3) the preselected forum need not apply the law of the forum in which the plaintiff initiated the action. *See id.* at 663 (citing *Atl. Marine*, 571 U.S. at 62–66). Because public interest factors alone "will rarely defeat" a motion to enforce a forum selection clause, the "practical effect is that forum-selection clauses should control except in unusual cases" where there are "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 571 U.S. at 62, 64; *see also DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 962 (9th Cir. 2022) ("[F]orum-selection clauses . . . should be enforced unless 'enforcement would be unreasonable and unjust.'") (quoting *M/S Bremen*, 407 U.S. at 15).

In determining whether such extraordinary circumstances exist, courts look to the factors identified by the Supreme Court's pre-*Atlantic Marine* decision in *M/S Bremen*, including whether enforcement would contravene a strong public policy of the forum where the plaintiff initiated the action and whether enforcement would effectively deprive the plaintiff of her day in court. *See Sun*, 901 F.3d at 1088.[5] Courts may also consider the public interest factors of the traditional *forum non conveniens* analysis where no forum selection clause is present, including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n.6, 64; *see also Boston*

---

[5] *M/S Bremen* also held that enforcement is improper if a forum selection clause is invalid due to fraud or overreaching, which the Court includes in its threshold validity analysis. *See Rostami v. Hypernet Inc.*, No. 22-cv-01813, 2023 WL 2177262, at *3 n.5 (N.D. Cal. Mar. 29, 2023) (noting Ninth Circuit's distinction between validity and enforceability analyses of forum selection clauses in *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956 (9th Cir. 2022)).

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
5

*Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009) (describing public interest factors of "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum") (citation omitted).

### 2. Transfer Under 28 U.S.C. § 1404(a)

Under § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where there is no forum selection clause favoring a particular federal district, "a court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. Courts consider, for example:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum,
> (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,
> (6) the differences in the costs of litigation in the two forums,
> (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and
> (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citations omitted). The moving party bears the burden of showing that transfer is warranted, and the district court exercises its discretion to adjudicate § 1404(a) motions "according to an 'individualized, case-by-case consideration of convenience and fairness." *Id.* at 498.

### B. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) accordingly for dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
6

1   its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

2   when the plaintiff pleads facts permitting the court to "draw the reasonable inference that the

3   defendant is liable for the misconduct alleged," although the allegations must show "more than a

4   sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5   (2009) (citation omitted).  In evaluating a Rule 12(b)(6) motion, the court must accept as true all

6   well-pleaded factual allegations and construe them in the light most favorable to the plaintiff.

7   *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the court need not

8   "accept as true allegations that contradict matters properly subject to judicial notice" or

9   "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

10  inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation

11  marks and citations omitted).

### III.   DISCUSSION

Defendants move to dismiss the FAC under the doctrine of *forum non conveniens* or for failure to state a claim, or alternatively to transfer the action to the Northern District of Ohio under 28 U.S.C. § 1404(a).  *See* Mot. 10–11; Suppl. Reply 1–5.[6]  Plaintiff opposes dismissal or transfer. *See generally* Opp'n; Suppl. Opp'n.  The Court addresses these arguments in turn.

#### A.   *Forum Non Conveniens*

Defendants argue that the FAC must be dismissed because (1) Plaintiff's claims fall within the scope of the Participation Agreement's forum selection clause in favor of the state court in Lake County, Ohio; (2) the forum selection clause is valid; and (3) the forum selection clause is enforceable because Plaintiff cannot show that the public interest factors render enforcement unjust or unreasonable.  *See* Mot. 4–5; Suppl. Reply 1–4.  Plaintiff counters that the forum selection clause is invalid, and that public interest factors weigh heavily in favor of keeping this action in this district.  *See* Opp'n 6–10; Suppl. Opp'n 3.  Plaintiff further argues that even if the

---

[6] Defendants initially moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, rather than under the doctrine of *forum non conveniens*, but clarified their venue arguments in the supplemental brief.  *See* Mot. 10; Suppl. Reply 1.

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
7

forum selection clause is valid and enforceable, it applies only to Rustic—and not to Sabot—because only Rustic was known to Plaintiff when she signed the Participation Agreement. *See* Opp'n 6. The Court turns to each of Defendants' arguments in turn.

### 1. Scope of Forum Selection Clause

The Participation Agreement's forum selection clause provides that "any legal proceeding must be filed only in the state court located in Lake County, Ohio, which will be the sole jurisdiction and venue for any legal proceeding relating to or arising out of the Program, this Agreement, or otherwise." Participation Agr. 3. Plaintiff does not dispute that this action arises out of her daughter's participation in the program contemplated by the Participation Agreement. *See generally* Opp'n. Plaintiff does, however, argue that her claims against Sabot do not fall within the scope of the forum selection clause because the entity was not "known to, or even contemplated by, J.G. when she signed the Participation Agreement." Opp'n 6. Defendants respond that this argument is insufficient to meet Plaintiff's burden of proof to set aside a forum selection clause because (1) Plaintiff cites no legal authority for her argument and (2) a requirement that a forum selection clause be enforceable only against known parties is impractical "considering the multitude of scenarios under which a potential lawsuit could arise out of her contractual agreement with Rustic." Reply 7.

Plaintiff's argument is unavailing under longstanding Ninth Circuit law. For example, in *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 & n.5 (9th Cir. 1988), the plaintiff argued that a forum selection clause could only be enforced as to the single defendant—Gucci Parfums—that had signed the contract, and not to various other Gucci-related companies and executives also named as defendants. The Ninth Circuit held that the forum selection clause applied to all defendants, reasoning that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses," and that "the alleged conduct of the non-parties [to the contract] is so closely related to the contractual relationship that the forum selection clause applies to all defendants." *Id.* at 514 n.5 (citations omitted). The circuit court more recently rejected a similar argument based on the "closely analogous" facts of

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
8

*Manetti-Farrow*. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (holding forum selection clause applied to non-signatory defendants "because any transactions between those entities and [plaintiff] Holland America took place as part of the larger contractual relationship between Holland America and [signatory defendant] Bureau Veritas"). Here, Plaintiff's claims against Sabot are closely based on her contractual relationship with Rustic, and the forum selection clause must therefore apply to Sabot. The Court also notes that the express terms of the Participation Agreement define the signatory "Rustic Pathways" as "Rustic Pathways LLC, its affiliates, subsidiaries, successors, and related entities, and each of these entities' organizers, guides, leaders, chaperones, staff, owners, local partners, suppliers, directors, nominees, assigns, designees and any and all other persons or entities associated with it." Participation Agr. 1.

Accordingly, the Court finds that all claims in the FAC fall within the scope of the forum selection clause.

### 2. Validity of Forum Selection Clause

Defendants argue that the Participation Agreement's forum selection clause is valid because such clauses are presumed valid under federal law, and Plaintiff and her daughter both signed the Agreement. *See* Mot. 4–5. Plaintiff argues that the forum selection clause is invalid due to undue influence, overreaching, and overweening bargaining power because the clause was part of a contract of adhesion where Defendants had superior bargaining strength. *See* Opp'n 6. Plaintiff argues that she should not be considered to have limited or waived her ability to bring claims against defendants other than Rustic because she could not have reasonably contemplated her claims in this action due to her ignorance of the full scope of the parties and factual circumstances here. *Id.* at 7. Plaintiff argues that Rustic's overweening bargaining power is evidenced by the fact that Rustic had full knowledge of the identities of all parties in this action, their relationships, and their potential liabilities at the time the Agreement was signed, and that Rustic "intentionally concealed this information in order to induce J.G. . . . to sign the adhesion agreement." *Id.*

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
9

Plaintiff's arguments as to invalidity are untenable, and it is telling that Plaintiff does not cite to any supporting case law in making these arguments. *See generally* Opp'n 6–8. There is no legal support for the proposition that a forum selection clause is invalid unless the signatories are aware of all potential factual scenarios and resulting claims potentially covered by the clause, and no factual support for the assertion that Rustic induced Plaintiff to sign the Participation Agreement and other documents in the Onboarding Packet by intentionally concealing the identify of any entity or individual.[7] Lastly, Plaintiff herself admits that a contract of adhesion "in and of itself does not render the provision unconscionable or overreaching." Opp'n 6–7.

Plaintiff has not met her "heavy burden of proof" in challenging the validity of a forum selection clause by "clearly show[ing] that . . . the clause was invalid for such reasons as fraud of overreaching." *Murphy*, 362 F.3d at 1140 (9th Cir. 2004) (citation omitted). The Court therefore finds valid the forum selection clause in favor of the state court in Lake County, Ohio.

### 3.  Enforceability of Forum Selection Clause

Because this case involves a valid forum selection clause in favor of a nonfederal forum, the Court must enforce the clause unless Plaintiff shows that "extraordinary circumstances"—based only on public interest factors—counsel against dismissal for *forum non conveniens*. Plaintiff initially argued that enforcement of the forum selection clause would require her to pursue her claims in two separate forums—this district and the state court in Ohio—because Ohio may lack subject matter and personal jurisdiction over the three individual defendants, who resided in California. *See* Opp'n 8–10. Plaintiff argued that such a result would create administrative difficulties, run afoul of the interest in having controversies regarding California citizens resolved in California, and cause grave difficulties and inconvenience and effectively deprive Plaintiff of her day in court. *See id.* Following Plaintiff's voluntary dismissal of the three individual defendants, she now argues that the public interest factors of "local interest in the

---

[7] Plaintiff cites her own declaration, *see* Opp'n 7, but the declaration does not state—nor could it—that Rustic intentionally concealed any identity at the time the Agreement was signed. *See* Decl. of J.G., ECF No. 64-1.

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
10

lawsuit" and "the costs of resolving a dispute unrelated to a particular forum" weigh heavily in favor of the Court's retention of this case because Sabot is domiciled in this district and Rustic solicits students and their families domiciled here, including the dismissed individual defendants. *See* Suppl. Opp'n 3.  Plaintiff further argues that the "costs of resolving this matter in [this] district are lower" because the primary witnesses—the three dismissed defendants—and an individual who is both Rustic's CEO and Sabot's co-founder are all found in this district. *Id.*  Defendants counter that no public interest factors disfavor enforcement because Rustic is headquartered in Ohio, Sabot has consented to jurisdiction in Ohio and had no role in this matter, and Plaintiff is a resident of Pennsylvania and thus closer to Ohio than California.  *See* Suppl. Reply 3–4.

The Court agrees with Defendants.  Of the remaining parties in this action, only Sabot is domiciled in California, so that there is no great local interest in the action in California, and likely greater local interest in Ohio given Rustic's apparent greater participation in the events underlying this action.  Further, although Plaintiff argues that Rustic solicits students and their families domiciled in this state, this circumstance doubtless applies to several states and does not create an "extraordinary" situation suggesting the Court should refuse to enforce the valid forum selection clause.  The Court is also unconvinced by Plaintiff's cursory argument that the case should remain in this district for cost purposes because four likely witnesses reside in California.  Plaintiff does not explain why travel costs related to four individuals create an "extraordinary circumstance" that would make enforcement of the forum selection clause unjust or unreasonable, especially as Plaintiff and Ms. Doe are both Pennsylvania residents.  *See* FAC ¶ 12; Opp'n 2.

The Court accordingly finds that Plaintiff has not met her burden of showing "extraordinary circumstances" based on which the Court should refuse to enforce the valid forum selection clause.  It will therefore grant Defendants' motion to dismiss for *forum non conveniens*.

### B.  Defendants' Other Arguments

Because this action will be dismissed for *forum non conveniens*, the Court need not and does not reach Defendants' arguments for transfer under 28 U.S.C. § 1404(a) or dismissal under Federal Rule of Civil Procedure 12(b)(6).

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
11

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' motion to dismiss the FAC is GRANTED on the grounds of *forum non conveniens*, and Defendants' remaining requests are DENIED AS MOOT.
2. This case is accordingly DISMISSED WITHOUT LEAVE TO AMEND in this district, but WITHOUT PREJUDICE as to Plaintiff's ability to re-file in a proper forum.

**IT IS SO ORDERED.**

Dated: May 2, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-05666-EJD
ORDER GRANTING DEFTS.' MOT. TO DISMISS
12